UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KATHRYN MAY KNOX,

                Plaintiff,                                    Case No. 06-10428

vs.

                                                     HONORABLE SEAN COX
                                                     HONORABLE STEVEN D. PEPE


CITY OF ROYAL OAK, OFFICER
SCAFONE AND OFFICER ISAACSON,

                Defendants.

_____/


### REPORT AND RECOMMENDATION REGARDING DISCOVERY REVIEW AND DENYING PLAINTIFF'S MOTION FOR DEFAULT(DKT. #36)

On June 22, 2006, Judge Cleland entered an Order Granting in Part and Denying

in Part Defendants' Motion for Protective Order and Referring Matter to Magistrate Judge

for Discovery Review (Dkt. #24). Judge Cleland ordered that Defendants' counsel review

Defendant police officers' personnel files for any indication that the officers have experienced

previous complaints of excessive force asserted against them and the resolution of any such

complaints. He ordered Defendants' counsel to "prepare a statement indicating whether he

found documents which appear to fall under either category and shall submit that statement,

along with copies of the relevant personnel files to Magistrate Judge Steven D. Pepe within

fourteen (14) days of the date of the order." In addition to ordering Defendants' counsel to

review the subject personnel files, he further referred this matter to the undersigned to conduct

an *in camera* review of the personnel files to determine whether there exists any indication of

previous complaints and/or final determinations regarding allegations of excessive force against the Defendant officers.

T. Joseph Steward, attorney for Defendants, filed a July 10, 2006, affidavit stating that he had personally reviewed every document in the personal files of Defendants Kevin Isaacson and Steven Scafone, and that they did not contain any information of any claims of excessive force (Dkt. #28). He did not submit the personal files to the undersigned.

On September 28, 2006, Plaintiff filed her Motion for Default Against Defendants for Failure to Comply with this Court's June 22, 2006 Order by refusing to turn over the Defendant police officers' personnel files for an *in camera* review (Dkt. #36). Because this is a dispositive motion it is being handled pursuant to 28 U.S.C. § 636(b)(1)(B). Defendants subsequently filed an October 10, 2006, response to Plaintiff's motion in which they argue they have complied with Judge Cleland's Order (Dkt. #41). They dispute that the Order required them to turn over all personal files of Defendants, but rather only those files which they determined contained previous allegations of excessive force.

After throughly reviewing Judge Cleland's Order, it is apparent that the undersigned's review of the personnel files *in camera* was dependent upon the outcome of Defendants' counsel's initial review of those files. The purpose of the initial review by Defendants' counsel was to decrease the burden on the Court, so it would not have to review every single document in Defendants' files but only those that might be relevant. Judge Cleland's Order anticipated a sequential examination of any documents related to complaints of excessive force, not parallel and redundant reviews of the Defendants' personal files by both Defendants' counsel and the undersigned. The "any indication" language in the paragraph dealing with the Defendants'

2

counsel was to assure that all doubts were to be resolved in favor of turning over documents to the magistrate judge to inspect.  That language could have been omitted from the sentence on the magistrate judge's inspection because the second inspection was likely intended to have the magistrate judge determine if any documents demonstrate prior complaints of excessive force.  Defendants' counsel has submitted an affidavit stating Defendants' files did not contain any information of any claims of excessive force.

### RECOMMENDATION

Because the Defendants' counsel's search found no documents meeting the "any indication" standard, there is nothing for the undersigned to review.  IT IS RECOMMENDED that Plaintiff's motion for default be denied.  The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: October 17, 2006                                  s/Steven D. Pepe
Ann Arbor, Michigan                                     United States Magistrate Judge

Certificate of Service

I hereby certify that copies of this Order were served upon the attorneys of record by electronic means or U. S. Mail on October 17, 2006.

s/Deadrea Eldridge
Courtroom Deputy Clerk

4