UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHRYN MAY KNOX,

    Plaintiff,

v.   Case No. 06-10428
    Hon. Sean F. Cox

CITY OF ROYAL OAK; OFFICER
SCAFONE and OFFICER ISAACSON,

    Defendants.
_____

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to dismiss. The parties have fully briefed the issues, including supplemental briefing, and a hearing was held November 15, 2006. For the following reasons, the Court **DENIES** Defendants' Motion to dismiss.

### I. BACKGROUND

This action arises out of the arrest of Plaintiff, Kathryn Knox.

On August 14, 2005, Lulu Hollow ("Hollow") went to Plaintiff's house to check on her son, who was living there. Hollow knocked on the door but no one answered. She called the police requesting a "welfare check" on her son. The Royal Oak Police Department dispatched Defendant Officers Scafone and Isaacson to the home.

At the home, Scafone, Isaacson and another officer opened the bathroom window of Plaintiff's home. Isaacson moved the shower curtain and revealed Hollow's son, Richard Hollow. Richard Hollow left to get dressed, but returned to the bathroom where the officers

1

were waiting outside the window. They asked him to come outside, but he refused. Allegedly, Officer Wolas, not a Defendant in the this case, sprayed Richard Hollow with pepper spray.

Plaintiff exited her home into the backyard. Upon her exit, Scafone and Isaacson forced her to the ground using a "straight arm bar take-down." They also pepper sprayed her and put her in handcuffs. Plaintiff claims she was continually pepper sprayed in the face while she was on her knees and handcuffed. Additionally, Plaintiff was wearing a robe which fell open during the scuffle, exposing her body to the officers and neighbors.

Plaintiff was arrested for interfering with police and resisting arrest. As part of a plea agreement, the charge of resisting arrest was dismissed and the charge of interfering with a police officer was amended to a civil infraction for violation of a zoning ordinance by creating a nuisance by noise.

On January 31, 2006, Plaintiff filed a Complaint against the City of Royal Oak and Officers Scafone and Isaacson alleging: (1) violation of 42 USC §1983 based on the Fourth Amendment, against all Defendants; (2) gross negligence against Defendant Officers; (3) false arrest and false imprisonment against Defendant Officers; (4) grossly negligent infliction of emotional distress against Defendant Officers; and (5) assault and battery against Defendant Officers. Defendants filed a Motion to dismiss on May 23, 2006.

## II.   STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. Dismissal pursuant to a Rule 12(b)(6)

motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted).

### III. ANALYSIS

#### A. Are Plaintiff's §1983 Claims Barred By The *Heck* Doctrine?

Defendants contend Plaintiff's §1983 claims are barred by the *Heck* doctrine. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the plaintiff was convicted in state court of voluntary manslaughter; he later brought a 42 USC §1983 action alleging "unlawful, unreasonable, and arbitrary investigation" and knowing destruction of exculpatory evidence. *Id*. at 479. The plaintiff sought monetary relief. The district court dismissed the case because it directly implicated the legality of the plaintiff's confinement; the Seventh Circuit affirmed the district court's judgment finding that the plaintiff's claim should have been brought as an action for habeas corpus.

The *Heck* Court analogized the plaintiff's claim to one for malicious prosecution because he sought damages for confinement imposed pursuant to legal process. In an action for malicious prosecution, the plaintiff must plead and prove termination of the prior criminal proceeding in his favor. The Court noted that the termination requirement "avoids parallel litigation over the issues of probable cause and guilt...and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id*. at 484. The Court held that the "principle that civil tort actions are not appropriate vehicles for challenging the

3

validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution." *Id*. at 485. In sum, the Court ruled:

> We hold that, in order to recover damages for allegedly unconstitutional **conviction or imprisonment**, or for other harm caused by actions whose unlawfulness would render a **conviction or sentence** invalid, a §1983 plaintiff must prove that the **conviction or sentence** has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 USC §2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983. **Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed**, in the absence of some other bar to the suit.

*Id*. at 486-487 (emphasis added).

Here, Plaintiff alleges her arrest by Defendant Officers was without probable cause and that the Officers used excessive force during the arrest. Defendants allege Plaintiff's §1983 claims are barred by *Heck* because resolution in Plaintiff's favor would necessarily invalidate the charges. Defendants contend that the criminal charges against Plaintiff, *i.e*., resisting arrest and interfering with an officer, should be considered in the *Heck* analysis. According to Defendants, Plaintiff did not receive favorable termination of those charges because they were dismissed as part of a plea agreement. Defendants admit that Plaintiff only pled guilty to a civil infraction as part of the plea agreement.

Defendants seek to treat the criminal charges Plaintiff was arrested for as "criminal

convictions" for purposes of applying the *Heck* doctrine.  Defendants rely on an unpublished Eastern District of Kentucky case where the district court barred the plaintiff's §1983 claim, pursuant to *Heck*, based on a pretrial diversion, which is not a criminal conviction.  *Everage v. Whitaker*, 2006 WL 782744 (E.D.Ky. 2006).  However, in a published case, the Western District of Kentucky found completion of pretrial diversion did not amount to a criminal conviction sufficient to invoke *Heck*.  *Butts v. City of Bowling Green*, 374 F.Supp.2d 532, 537 (W.D.Ky. 2005).

The Sixth Circuit held "*Heck* bars §1983 plaintiffs from advancing claims that, if successful, would necessarily imply the invalidity of a prior **conviction or sentence**...[h]owever, if the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding **criminal judgment** against the plaintiff, the action should be allowed to proceed..." *Cummings v. City of Akron*, 418 F.3d 676, 682 (6th Cir. 2005)(emphasis added).  In the instant case, there is no criminal conviction or judgment against the Plaintiff.  She was only convicted, by way of a plea agreement, of a civil infraction.  There is no doubt from the language of *Heck* that the bar applies only where there is a criminal conviction.

Interestingly, in an unpublished Sixth Circuit case cited by Defendants, the court declined to apply the Heck doctrine where the plaintiff was only guilty of civil infractions in the state court.  *Lavrack v. City of Oak Park*, 194 F.3d 1313 (6th Cir. 1999)(*unpublished*).  The court noted "we have not found any case law extending [the *Heck*] doctrine to a case where a private citizen sought to challenge the outcome of a proceeding which did not result in incarceration."  *Id*. at *1.

Accordingly, because there was no criminal conviction against Plaintiff, her §1983 claims are not barred by *Heck*.

**B.     Are Plaintiff's §1983 Claims Barred By The *Rooker-Feldman* Doctrine?**

Defendants contend Plaintiff's §1983 claims are barred by the *Rooker-Feldman*[1] doctrine because Plaintiff's claims are a collateral attack on the state court judgment that she was responsible for a civil infraction.

The *Rooker-Feldman* doctrine applies to prevent the district court from exercising subject matter jurisdiction in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005). However, the *Rooker-Feldman* doctrine does not apply "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id*. at 293. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id*.

In this case, Plaintiff is not challenging a matter litigated in state court. None of the charges against Plaintiff were litigated. Moreover, the only judgment against Plaintiff is her guilty plea to the civil infraction. Plaintiff does not complain of any injury caused by the civil infraction. Thus, Plaintiff's §1983 claims are not barred by *Rooker-Feldman*.

**C.     Are Plaintiff's §1983 Claims Barred by Collateral Estoppel?**

Defendants also argue that Plaintiff's §1983 false arrest claim is barred by collateral

---

[1] *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923); and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

estoppel because she pled guilty to the charge of creating a nuisance by noise and is therefore estopped from asserting she was arrested without probable cause. Defendants contend Plaintiff had the opportunity to litigate the probable cause issue in state court.

"A state court judgment must be given the same preclusive effect in federal court that it would be given in the courts of the rendering state." *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988). "Under Michigan law, issue preclusion, known as collateral estoppel, precludes relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was actually litigated, and necessarily determined." *Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust*, 410 F.3d 307, 310 (6th Cir. 2005). The party asserting preclusion must prove: (1) the parties in both proceedings are the same or in privity; (2) there was a valid, final judgment in the first proceeding; (3) the same issue was actually litigated in the first proceeding; (4) that issue was necessary to the judgment; and (5) the party against whom preclusion is asserted (or its privy) had a full and fair opportunity to litigate the issue. *Id*.

Defendants cannot assert issue preclusion/collateral estoppel in this case. First, the issue of whether there was probable cause for Plaintiff's arrest was not actually litigated. "Michigan courts have held that a question has not been actually litigated until put into issue by the pleadings, submitted to the trier of fact for a determination, and thereafter determined." Id. "The courts have held that an issue which was uncontested or indirectly referenced in the prior judgment was not actually litigated for collateral estoppel purposes." Id. Whether there was probable cause to arrest Plaintiff was not litigated.

Additionally, probable cause for Plaintiff's arrest was not necessary to the judgment because Plaintiff did not plead guilty to a criminal offense. Plaintiff plead guilty to a civil infraction that did not authorize an officer to make an arrest.

Defendants rely on *Walker* to support their argument that issue preclusion applies. In *Walker*, the court held that two plaintiffs were estopped from asserting a lack of probable cause in federal court when they had pled guilty in state court. The plaintiffs in Walker pled guilty to the criminal charges they were charged with. The court noted that the plaintiffs "in effect admitted a factual basis for the...determination of guilt on the offenses charged against them." *Walker*, 854 F.2d at 140. In this case, Plaintiff did not plead guilty to either of the charges she was arrested for. Moreover, the charge she did plead guilty to was a civil infraction that does not authorize arrest.

Accordingly, Plaintiff is not estopped from asserting a lack of probable cause for her arrest.

> **D.     Does Plaintiff's State Law False Arrest/False Imprisonment Claim Fail As A Matter Of Law?**

Defendants argue Plaintiff's state law claim for false arrest/false imprisonment fails as a matter of law because there was probable cause to arrest her. In order to establish a claim of false arrest, Plaintiff must prove a lack of probable cause. *Brewer v. Perrin*, 132 Mich.App. 520 (Mich.App. 1984).

The only argument presented by Defendants to dismiss Plaintiff's claims is the sentence: "[i]n this case, Plaintiff's negotiated plea to the criminal charge of resisting and obstructing a police officer and her subsequent plea of being responsible for a civil infraction, clearly support a finding of probable cause for her arrest." No facts or authority are offered in support.

Therefore, Defendants fail to demonstrate Plaintiff's state law claim for false arrest/false imprisonment should be dismissed as a matter of law.

### E. Did Plaintiff Fail To State A Claim For Negligent Infliction Of Emotional Distress?

The parties agree that Plaintiff did not state a claim for negligent infliction of emotional distress. However, Plaintiff argues that while she used the wrong title for her cause of action, she did state a claim for "emotional distress." In their Reply, Defendants do not address Plaintiff's assertion that she stated a claim for emotional distress.

In *Daley v. LaCroix*, 384 Mich. 4, 12-13 (1970), the court held "where a definite and objective physical injury is produced as a result of emotional distress proximately caused by defendant's negligent conduct, the plaintiff in a properly pleaded and proved action may recover in damages for such physical consequences to himself notwithstanding the absence of any physical impact upon plaintiff at the time of the mental shock."

In her Complaint, Plaintiff alleges she suffered physical injuries, including "depression, loss of appetite, an inability to perform daily activities, listlessness, agitation, and nervousness," caused by Defendants' use of allegedly excessive force. [Complaint, ¶¶34-37].

Plaintiff does state a claim for "emotional distress" pursuant to *Daley*.

### F. Is Defendant City Of Royal Oak Entitled To Governmental Immunity?

Defendants contend the state law claims against the City of Royal Oak should be dismissed because the City is entitled to governmental immunity, and because the City cannot be held vicariously liable for the acts of its officers or employees. As Plaintiff points out in her Response and makes clear in her Complaint, the state law tort claims are only against Officers Scafone and Isaacson, not the City of Royal Oak.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to dismiss.

**IT IS SO ORDERED.**

<u>S/Sean F. Cox</u>
**Sean F. Cox**
**United States District Judge**

**Dated:  December 26, 2006**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on December 26, 2006, by electronic and/or ordinary mail.**

<u>S/Jennifer Hernandez</u>
**Case Manager**