UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHRYN MAY KNOX,

    Plaintiff,

v.                                                      Case No. 06-10428
                                                       Hon. Sean F. Cox

CITY OF ROYAL OAK; OFFICER
SCAFONE and OFFICER ISAACSON,

    Defendants.
_____

## ORDER

This matter is before the Court on Defendants' Motion for stay. Both parties have briefed the issues. The Court declines to hear oral argument pursuant to L.R. 7.1. For the following reasons, Defendants Motion for stay is **DENIED** with respect to Plaintiff's claims for excessive force; gross negligence; emotional distress; and assault and battery. Because the Court is divested of jurisdiction, proceedings are stayed pending appeal on Plaintiff's claims for arrest without probable cause and false arrest/false imprisonment.

### I. BACKGROUND

This action arises out of the arrest of Plaintiff, Kathryn Knox. The underlying facts are sufficiently set forth in this Court's Order granting in part, and denying in part, Defendants' motion for partial summary judgment, entered April 18, 2007.

On January 31, 2006, Plaintiff filed a Complaint against the City of Royal Oak and Defendant Officers Scafone and Isaacson alleging: (1) violation of 42 USC §1983 based on the

1

Fourth Amendment, against all Defendants; (2) gross negligence against Defendant Officers; (3) false arrest and false imprisonment against Defendant Officers; (4) grossly negligent infliction of emotional distress against Defendant Officers; and (5) assault and battery against Defendant Officers. Pursuant to a motion to dismiss, Plaintiff's claim incorrectly titled "negligent infliction of emotional distress" was allowed as a claim for emotional distress.

On February 5, 2007, Defendants filed a motion for partial summary judgment. Defendants sought summary judgment only on Plaintiff's claims of: (1) violation of her Fourth Amendment rights for arrest without probable cause; (2) municipal liability against Royal Oak; and (3) false arrest/ false imprisonment under state law. Defendants did not challenge Plaintiff's claims based on the use of excessive force. On April 18, 2007, this Court entered an Order granting summary judgment on Plaintiff's claim of municipal liability, and denying summary judgment on Plaintiff's 42 U.S.C. § 1983 claim based on arrest without probable cause and her claim for false arrest/false imprisonment.

On May 10, 2007, Defendants filed a Notice of Appeal, appealing the Court's decision denying summary judgment. On May 25, 2007, Defendants filed a motion seeking to stay proceedings pending resolution of their appeal. Plaintiff opposes the stay.

## II. STANDARD OF REVIEW

In determining whether to grant a stay pending appeal, the court considers the same four factors traditionally considered in evaluating a request for preliminary injunction: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). The factors are not prerequisites, but rather "interrelated considerations that must be balanced together." *Id*.

The party seeking the stay does not necessarily have to establish a high probability of success on the merits, if there is a high degree of irreparable harm. "More of one excuses less of the other." *Id*. "[T]he movant must address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors exist." *Id*. at 154.

### III. ANALYSIS

As a preliminary matter, it should be noted that Defendants' appeal only involves the decision regarding Plaintiff's 42 U.S.C. § 1983 claim based on arrest without probable cause and her claim for false arrest/false imprisonment. As to those two claims, the district court is divested of jurisdiction during the pendency of the appeal and the court may not proceed. *Griggs v. Provident Consumer Discount Company*, 459 U.S. 56, 58 (1982). However, the Court retains jurisdiction over Plaintiff's remaining claims for excessive force; gross negligence; emotional distress; and assault and battery. Although the Defendants direct the Court to *Griggs, supra*, claiming that the case law is clear that a notice of appeal divests the court of jurisdiction "over all issues even tangentially related to that appeal;" a reading of *Griggs* demonstrates otherwise. [Motion, p.5]. *Griggs* states that "[t]he filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*." *Id*. at 58 (emphasis added). Defendants' argument that the Court is required to enter a stay on all proceedings based on Defendants' appeal of two of the six total claims is misplaced.

Moreover, Defendants contend, correctly, that qualified immunity is an immunity from suit. According to Defendants, if a stay is not issued and the action proceeds, Defendants are prejudiced by filing an appeal because they lose their immunity from suit. Defendants argument is unavailing. Defendants will not be forced to proceed on the two claims that were the subject of the appeal. Defendants only asserted the defense of qualified immunity with respect to the two claims that were appealed. The remaining claims were not a part of the motion for summary judgment, much less a part of the appeal. Thus, there is no prejudice to Defendants if they go to trial on the four separate claims that were not a part of their appeal, and for which they have not even asserted qualified immunity.

Because the proceedings are indisputably stayed with respect to Plaintiff's claims for arrest without probable cause and false arrest/false imprisonment, the only issue for resolution is whether the proceedings with respect to Plaintiff's remaining claims should be stayed pending appeal. Defendants failed to adequately address the requisite factors for making this determination, on this basis alone Defendants' Motion for stay is deficient and should be denied. Nonetheless, the Court will consider the four factors.

### A. Likelihood of Success on the Merits of the Appeal

Defendants do not address the likelihood that they will prevail in their appeal. Defendants only argument directed towards the merits of the appeal is an argument that the Sixth Circuit is not precluded from exercising jurisdiction over the appeal if the denial of qualified immunity raises questions of law. Defendants do not identify how the denial of qualified immunity in this case raised a question of law. Further, presuming that the Sixth Circuit may exercise jurisdiction, Defendants make no argument regarding their likelihood of success on the

4

merits of the appeal.

Because a motion for stay comes after the district court has had an opportunity to fully consider the merits of the underlying action, the party seeking a stay will have greater difficulty in demonstrating the likelihood of success on the merits. *Michigan Coalition*, 945 F.2d at 153. Defendants do not demonstrate what the likelihood of success on the merits is. Accordingly, this factor weighs heavily in favor of denying Defendants' Motion for stay.

**B.     Irreparable Harm**

Defendants argue that proceeding to trial while two of Plaintiff's claims are on appeal would not be "expeditious, economical or convenient." [Motion, p.5]. Defendants note that if they are unsuccessful on their appeal, the parties could be forced to hold a second trial on the two claims that are the subject of their appeal.

First, if the Court were to accept Defendants' argument, any appeal on a single claim in an action involving multiple claims would necessitate a stay of proceedings. There is the potential that further proceedings would be required anytime the entirety of the action is not on appeal. The Court does not find this reason alone sufficient to stay the proceedings on the remaining four claims.

Second, "[i]n evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of proof provided." *Michigan Coalition*, 945 F.2d at 154. "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough...[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of

litigation, weighs heavily against a claim of irreparable harm." *Id*. Lastly, "the harm alleged must be both certain and immediate, rather than speculative or theoretical."

Defendants have failed to make any showing of irreparable harm and failed to address any of the requisite factors. The only harm offered by Defendants is the expense and time of a second trial should Defendants fail on their appeal. As Defendants did not address the likelihood of their success on the appeal, the court cannot find that they made anything more than a speculative argument of alleged harm. Additionally, as noted above, injury in terms of "money, time and energy" are insufficient to establish irreparable harm. *Michigan Coalition, supra*.

Accordingly, this factor weighs heavily in favor of denying Defendants' Motion for stay.

**C.     Harm to Others**

Defendants do not make any argument regarding this factor. Plaintiff argues that it would be "patently unfair to allow the defendants to unduly delay plaintiff's right to a trial on the claims not being appealed by the defendants without a showing that even one of the four factors is satisfied." [Response, p.4-5]. The Court agrees.

This factor weighs heavily in favor of denying Defendants' Motion for stay.

**D.     Public Interest**

Defendants make a single sentence argument that a stay would serve the public interest. Defendants claim that "[w]ithout a final determination whether Defendants are entitled to qualified immunity, a trial on the merits could prove to be an enormous waste of judicial resources." [Motion, p.6].

A trial on the merits on Plaintiff's claims that are not a part of the appeal would not be a waste of judicial resources because Plaintiff has four valid claims pending that are not a part of

the appeal. However, there is the potential for a second trial based on the same set of underlying facts if Defendants are unsuccessful on their appeal. Although there is a public interest in conserving judicial resources, where the Defendant has failed to make a sufficient showing on any of the other three factors, a stay is not appropriate merely because a second trial may be necessary. Accordingly, this factor weighs in favor of denying Defendants' Motion for stay.

### IV. CONCLUSION

Because Defendants did not adequately address the four factors, and because all four factors weigh in favor of denying Defendants' Motion for stay, Defendants Motion for stay is **DENIED** with respect to Plaintiff's claims for excessive force; gross negligence; emotional distress; and assault and battery. Because the Court is divested of jurisdiction, proceedings are stayed pending appeal on Plaintiff's claims for arrest without probable cause and false arrest/false imprisonment.

**IT IS SO ORDERED.**

<u>S/Sean F. Cox</u>
**Sean F. Cox**
**United States District Judge**

**Dated: June 20, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on June 20, 2007, by electronic and/or ordinary mail.**

<u>S/Jennifer Hernandez</u>
**Case Manager**

7